DARNELL, JR. V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-173-CR

ELBERT ROY DARNELL, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Elbert Roy Darnell, Jr. raises three points concerning the denial of his request for forensic DNA testing.  We will affirm.

Factual and Procedural Background

Patricia Giles was murdered on the night of November 6, 1986.  In 1987, a jury found Appellant guilty of Giles’s murder and sentenced him to a life term. We affirmed his conviction in 
Darnell v. State,
 No. 02-87-000262-CR (Tex. App.—Fort Worth Jan. 27, 1989, pet. ref’d) (not designated for publication).  On October 17, 2001, Appellant filed a request for appointment of counsel pursuant to article 64 of the code of criminal procedure, and the trial court appointed counsel after finding Appellant to be indigent.  With the assistance of counsel, Appellant then filed a motion for post-conviction forensic DNA testing on October 9, 2002, and the trial court denied Appellant’s request. 

According to Appellant’s brief, after submission of additional information and a conference among the trial court and the two parties, the court agreed to reconsider its prior ruling.  On May 2, 2003, the trial court conducted a hearing and once again denied Appellant’s request, stating on the record that it did not find that Appellant had met the requirements of article 64.03 specifically regarding the issue of identity.  The trial court also signed an order that reads as follows:

MEMORANDUM AND ORDER

The Court finds that the defendant has failed to meet the requirements of article 64.03 of the Code of Criminal Procedure for forensic DNA testing in this case.  Accordingly, the Court denies the defendant’s motion to reconsider his prior request for forensic DNA testing. 

Appellant challenges this order on appeal.

Standard of Review

In reviewing a trial court’s decision on a request for DNA testing, we employ a bifurcated standard of review.  
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); 
Garrett v. State
, No. 02-03-000356-CR, slip op. at 2, 2004 WL 541184, at *1 (Tex. App.—Fort Worth Mar. 18, 2004, no pet. h.).  “We defer to the ‘trial court’s determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues.’”  
Whitaker v. State
, No. 74612, 2004 WL 63981, at *2 (Tex. Crim. App. Jan. 14, 2004) (quoting 
Rivera
, 89 S.W.3d at 55); 
Garrett
, slip op. at 2, 2004 WL 541184, at *1; 
see also
 
Guzman
, 955 S.W.2d at 89.

Discussion

In his first issue, Appellant argues that the trial court erred by denying his request for DNA testing pursuant to article 64.03 of the Texas Code of Criminal Procedure.  
See
 Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4, (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann
. art. 64.03 (Vernon Supp. 2004)).  To obtain DNA testing under article 64.03, a defendant has the burden to establish several statutory requirements.
(footnote: 2)  
See id
.;
 Bell v. State
, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (holding that convicting court must order DNA testing only if the statutory conditions are met); 
Rivera
, 89 S.W.3d at 55.  The only requirements at issue in this appeal, however, are whether the identity of Appellant was or is at issue in his case and whether, if exculpatory results had been obtained through DNA testing, a reasonable probability exists that Appellant would not have been prosecuted or convicted.  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.03(a)(1)(B); Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann
. art. 64.03(a)(2)(A)).  On the latter issue, the court of criminal appeals has stated that a convicted person is not entitled to DNA testing that would “merely muddy the waters” rather than indicate innocence.  
Kutzner v. State
, 75 S.W.3d 427, 439 & n.27 (Tex. Crim. App. 2002).

With respect to the identity requirement, article 64 “requires that identity ‘was or is’ an issue, not that future DNA testing could raise the issue.”  
Bell
, 90 S.W.3d at 308.  Further, identity is not at issue for purposes of post-conviction forensic DNA testing when a defendant confesses.  
Id
. at 308.  Here, Appellant complains that “no independent physical evidence links [him] to the murder.”  He points out that during trial the State offered evidence of a sexual assault of Giles believed to have taken place before she died and argues that biological evidence should be tested to determine whether Appellant committed the sexual assault because the “sexual assault was inextricably woven into the proof of this murder.” 

The State refers us to Appellant’s pre-trial statement, in which he admitted to being present with Giles at the time of her death.  Appellant stated in writing that he and Giles were in a motel room, she first started “breathing funny,” and then she suddenly stopped breathing.  He also stated that, when he realized Giles was dead, he took her body and dumped it in Sylvania Park. After Giles’s body was discovered, a medical examiner performed an autopsy on the body and determined, contrary to Appellant’s claims that Giles had died of an alcohol or drug overdose, that she had died of manual strangulation.
(footnote: 3)  The State also points to evidence that Appellant told his sister-in-law that he had rescued Giles from a fight with her husband and, while they were sitting in the car talking, she suddenly died.  Appellant repeated this story to his brother. 

Appellant acknowledges in his brief that he admitted to being present at the time and place of Giles’s death, to moving her body after she had died, and to telling inconsistent stories to family members.  We agree with the State that identity was not and is not at issue because Appellant did not dispute being with Giles at the time and place of her death, having admitted to both; rather, he disputed being the 
cause
 of her death, a claim that was refuted by the autopsy results.  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.03(a)(1)(B); 
Bell
, 90 S.W.3d at 308.

Accordingly, we hold that the trial court did not err in denying Appellant’s motion for forensic DNA testing under article 64 or his motion to reconsider the denial of his request for DNA testing.  In light of this holding, we need not address the State’s alternative argument that Appellant also failed to satisfy the statutory requirement of showing that there is a reasonable probability he would not have been prosecuted or convicted if exculpatory results had been obtained though DNA testing.  
See
 
Tex. R. App. P.
 47.1; Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003).  We overrule Appellant’s first issue.

In his second issue, Appellant complains that the order of the convicting court is legally insufficient to comply with the requirements of article 64 of the code of criminal procedure.  Specifically, Appellant argues that the trial court’s order fails to set out any findings of fact or specific conclusions of law to inform Appellant or us how he has failed to meet the requirements of article 64.03.  Appellant requests that we remand this case with instructions to the trial court to conduct further proceedings in order to render a legally sufficient order, with findings of fact and conclusions of law. 

Here, while the trial court stated at the conclusion of the hearing that Appellant did not demonstrate that identity was at issue, the court’s order states only that Appellant “failed to meet the requirements of article 64.03.”  The State argues that the order is sufficient because the trial court is not required to issue specific findings of fact regarding the denial of a request for post-conviction forensic DNA testing.
(footnote: 4)  
See Skinner v. State
, 122 S.W.3d 808, 812-13 (Tex. Crim. App. 2003).  In 
Skinner
, the court of criminal appeals held a trial court’s order that denied the appellant’s request for DNA testing and “found that the appellant failed to meet the standards required by 64.03(a)(2)(A) and 64.03(a)(2)(B)” to be sufficient.  
Id
. at 812.  The 
Skinner
 court stated that while such a finding may not be adequate in every case and more detailed findings could be beneficial to facilitate appellate review, the trial court’s order was sufficient based on the court’s review of the record.  
Id
. at 813.

Based on our review of the record in this case, we hold that the trial court’s order was sufficient to comply with article 64.  
See
 
Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-5 (amended 2003); 
Skinner
, 122 S.W.3d at 813.  We therefore overrule Appellant’s second issue.

In his third issue, Appellant contends that he has been denied an opportunity to develop allegedly exculpatory evidence via forensic DNA testing because he is a pauper.  Appellant maintains that this denial constitutes a violation of his due process and equal protection rights under the United States Constitution, but he has not articulated any legal basis by which the trial court had the authority to order DNA testing. 
 See State v. Patrick
, 86 S.W.3d 592, 594-95 (Tex. Crim. App. 2002) (holding trial court was “clearly and indisputably without jurisdiction” to order DNA testing at the appellant’s expense, where the trial court denied appellant’s request for DNA testing under article 64, even though the appellant represented that he was willing to pay for the testing).  In this case, we have upheld the trial court’s denial of Appellant’s request for DNA testing due to his failure to meet the requirements set forth in article 64 of the code of criminal procedure.  
See
 Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003).  Accordingly, we hold that Appellant’s constitutional rights were not violated because the trial court lacked jurisdiction to order forensic DNA testing—even were he able to pay. 
 
See Patrick
, 86 S.W.3d at 594-95.  We overrule Appellant’s third issue.

Conclusion

Having overruled all three of Appellant’s issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 13, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Although article 64 was amended in 2003, this appeal is governed by the 2001 law.  
See
 Act of Apr. 25, 2003, 78
th
 Leg., R.S., ch. 13, §§ 8, 9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for DNA testing filed before September 1, 2003).  Former article 64.03(a) provides:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible;  and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;  and

(B) identity was or is an issue in the case;  and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing;  and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003).

3:
On direct appeal, we stated that the medical examiner determined the cause of Giles’s death “[b]ased on a number of factors, including damage to the victim’s neck area overlying major blood vessels which supply the brain, and finger marks around the neck.”  
Darnell,
 No. 02-87-00262-CR, slip op. at 5.  We also stated that the medical examiner “testif[ied] that the victim’s injuries and death could not have been caused by caffeine poisoning” or by the victim choking or drowning in her own vomit.  
Id
. at 4-5.

4:
The State points out that, although article 64 does not explicitly require a court to make specific findings 
before
 denying a request for post-conviction DNA testing, former article 64.04 does specifically require a finding to be made at another phase of the proceedings:

After examining the results of testing under Article 64.03, the convicting court shall hold a hearing and 
make a finding
 as to whether the results are favorable to the convicted person.  For purposes of this article, results are favorable if, had the results been available before or during the trial of the offense, it is reasonably probable that the person would not have been prosecuted or convicted.

Act of Apr. 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (emphasis supplied).